IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
WENDY WILLIAMS,                     *
                                    *
     Plaintiff,                     *
                                    *
vs.                                 *  CIVIL ACTION NO. 24-00196-JB-B
                                    *
CITY OF MOBILE, ALABAMA,            *
et al.,                             *
                                    *
     Defendants.                    *
```

**REPORT AND RECOMMENDATION**

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S), is before the Court on review. For the reasons set forth below, it is **RECOMMENDED** that the claims of Plaintiff Wendy Williams be **DISMISSED without prejudice** for her failure to prosecute and obey the Court's order.

Plaintiff Wendy Williams, proceeding *pro se*, commenced this action on June 17, 2024, by filing a complaint against the City of Mobile, Alabama, the Mobile Police Department, and its Chief of Police. (Doc. 1). At the time of filing, Williams neither paid the filing fee nor filed a motion to proceed without prepayment of fees. Williams alleges that the City of Mobile and its police department violated her civil rights under 42 U.S.C. § 1983 by failing to protect her from repeat acts of harassment and intimidation by unidentified individuals. (Doc. 1 at 1-2). She

asserts further that "the Mobile Police Department is part of this intimidation and well-planned operation." (Id. at 1).

In an order dated June 18, 2024, the Court directed Williams to either pay the $405.00 filing fee, or in lieu thereof, to file a motion to proceed without prepayment of fees by July 2, 2024. (Doc. 2). To date, Williams has not paid the filing fee or filed a motion to proceed without prepayments of fees. Nor has Williams requested additional time to obey the Court's order or provided any explanation for her failure to comply within the prescribed time. Further, there is nothing on the docket indicating that the Court's previous order has been returned as undeliverable.

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay

2

or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

The undersigned hereby recommends that the instant action be dismissed without prejudice due to Williams' failure to prosecute and to obey the Court's order dated June 18, 2024, directing her to timely pay the filing fee or file a motion to proceed without prepayment of fees by July 2, 2024. (Doc. 2). The Court cautioned Williams that failure to comply within the prescribed time would result in a recommendation that this action be dismissed without prejudice for failure to prosecute and to obey the Court's order.

Accordingly, it is recommended that this action be **DISMISSED without prejudice pursuant** to Rule 41(b) and this Court's inherent authority.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The

parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **11th** day of **July, 2024.**

                                                **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**